*Supp. 8 Opinion
RICCIARDULLI, J.
I. INTRODUCTION
Appellant and defendant Erica Simpson appeals the judgment of conviction following a court trial for crossing double yellow lines into a high-occupancy vehicle (HOV) lane, and for making an unsafe lane change. (Veh. Code, §§ 21655.8, subd. (a), 21658, subd. (a), respectively.) Pursuant to Government Code section 68081, the parties were provided with an opportunity to submit supplemental briefs addressing the issue of whether the trial court violated the separation of powers doctrine or its statutory authority by amending the complaint sua sponte during the trial to add the charge of making an unsafe lane change.
As discussed below in the published portion of this opinion, we reverse the judgment of conviction for making an unsafe lane change. The court did not have authority on its own motion to amend the complaint to add the charge. In the unpublished portion of this opinion, we reject defendant’s arguments that the judgment should be reversed with respect to her conviction for crossing double yellow lines into an HOV lane.
II. FACTUAL AND PROCEDURAL BACKGROUND
On April 9, 2012, defendant was issued a citation for crossing double yellow lines into an HOV lane in violation of section 21655.8, subdivision (a). Defendant signed a promise to appear in court on or before June 14, 2012. Defendant requested and was provided a trial by written declaration. The ticketing officer submitted a declaration concerning the infraction. After being found guilty, defendant requested a trial de novo.
At the trial de novo on March 11, 2013, Los Angeles Police Officer Schoop testified that he observed defendant’s vehicle traveling southbound on “the 405 Freeway” north of the Avalon Boulevard exit. Defendant changed lanes in front of the officer into the HOV lane, crossing over a set of clearly visible double yellow lines which were in good repair. Defendant caused Schoop to brake suddenly in order to avoid a traffic collision.
*Supp. 9 Schoop testified that he originally wrote on the citation that the incident occurred “South of Avalon,” but prior to defendant signing her promise to appear, he made a correction to the citation indicating that the violation occurred “North of Avalon.” Defendant asked Schoop at trial why he wrote “south” in his declaration, and he responded that he “made a mistake.” Defendant requested that the case be dismissed because her citation stated that the violation occurred south of Avalon, and she prepared her defense relying on the location specified in her citation. The court denied her request, pointing out that the court’s copy of the citation provided that the location of the violation was north of Avalon. The court further stated that the correction on the original citation regarding the location must not have gone through the carbon paper onto defendant’s copy of the citation.
The court told defendant that it was going to find her guilty, and asked Schoop whether defendant’s lane change was unsafe. The officer responded, “Yes.” The court then added the charge of making an unsafe lane change under Vehicle Code section 21658, subdivision (a), and found defendant guilty both of crossing double yellow lines into an HOV lane, and of making an unsafe lane change. The court imposed a fine, and defendant filed a timely notice of appeal.
in. DISCUSSION
A. The Court’s Amendment to Add a Charge
An infraction is a criminal matter subject generally to the provisions applicable to misdemeanors, except for the right to a jury trial, the possibility of confinement as a punishment, and the right to court-appointed counsel if indigent. (Pen. Code, §§ 16, 19.6.) A written notice to appear filed with the trial court constitutes a complaint charging a person with an infraction. (Veh. Code, § 40513, subds. (a), (b).) A complaint may be amended at any stage of the proceedings, so long as “the amendment does not prejudice the substantial rights of the defendant [citations].” (People v. Valles (1961) 197 Cal.App.2d 362, 371 [17 Cal.Rptr. 204].) “An amendment may be made even at the close of trial where no prejudice is shown. [Citations.]” (People v. Witt (1975) 53 Cal.App.3d 154, 165 [125 Cal.Rptr. 653].)
Penal Code section 1009 only allows a court to “order or permit. . . the filing of an amended complaint,” meaning that only a prosecutor may *Supp. 10 amend a complaint. In the present case, the court did not grant a motion to amend by the prosecution, but rather itself amended the complaint by adding to the notice to appear the unsafe lane change violation. As such, it exceeded the statutory authority given to it by Penal Code section 1009. Moreover, as explained below, permitting a court itself to amend a notice to appear or a complaint would be unconstitutional based on a violation of separation of powers.
Article III, section 3 of the California Constitution provides: “The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.” “It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring. [Citations.] This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from 1 “the complex considerations necessary for the effective and efficient administration of law enforcement.” ’ [Citation.] The prosecution’s authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch. [Citations.]” (People v. Birks (1998) 19 Cal.4th 108, 134 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) A court cannot authorize the institution of a criminal prosecution without the approval of the prosecutor. (People v. Municipal Court (Pellegrino) (1972) 27 Cal.App.3d 193, 204 [103 Cal.Rptr. 645].) Thus, the trial court usurped the prosecutor’s discretionary power to control the institution of criminal proceedings and violated the separation of powers by sua sponte adding a charge to the complaint.
We reject the People’s argument in their supplemental brief that defendant failed to preserve the issue by not objecting on this ground in the trial court. Based on the court’s action of ordering the amendment and immediately thereafter finding defendant guilty, we find defendant did not have the opportunity to object, and, in any event, because the issue raised “involve[s] only questions of law based on undisputed facts” (People v. Rosas (2010) 191 Cal.App.4th 107, 115 [119 Cal.Rptr.3d 74]), we conclude that the issue is properly before us.
B. Contentions Regarding Crossing Double Yellow Lines Conviction*
*Supp. 11 IV. DISPOSITION
The judgment of conviction for making an unsafe lane change is reversed. The judgment of conviction is affirmed regarding the conviction for crossing double yellow lines into an HOV lane.
Kumar, Acting P. J., and Keosian, J., concurred.

See footnote, ante, page Supp. 6.