Filed 5/4/15  Wofford v. Thompson CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SEAN WOFFORD,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>BENJAMIN THOMPSON,<br><br>  Defendant and Respondent. | B253216<br><br>(Los Angeles County<br>Super. Ct. No. BC481892)<br><br><br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 7, 2015 be modified as follows:

1. On page 9, delete the last paragraph in its entirety and replace it with the following paragraph:

As the trial court found, "Here, Plaintiff was stopped because he was not wearing a seatbelt and was issued a Notice to Appear for an alleged violation of Vehicle Code § 27315(d)(1) [requiring seatbelts to be worn] and other code sections.  Plaintiff was in fact found guilty of this offense.  For the Plaintiff to prove that he was falsely arrested and imprisoned, Plaintiff would have to show that he was arrested without authority." Although plaintiff alleged in his complaint that "[d]efendants, and each of them, unlawfully arrested plaintiff without a warrant or any other legal process," as peace officers, defendants were authorized to arrest plaintiff without a warrant for Vehicle Code violations committed in their presence.[1]  (Pen. Code, § 836, subd. (a)(1).)  Accordingly,

---

[1]     The complaint also alleges that the defendants' arrest of plaintiff was "without legislative authorization from chapter 2 of division 17 of the Vehicle Code; . . . without cause in that they were not enforcing the violation of anyone's legal rights, or protecting anyone from injury, loss, or harm; . . . when plaintiff was not exercising a privilege." Contrary to the premise of these allegations, Penal Code section 836, subd. (a)(1)

in order for plaintiff to establish that the officers were without authority to arrest him, he would have to prove that they did not have probable cause to arrest him without a warrant because he did not commit the violations, including driving without a seatbeat, in the officers' presence.  However, were plaintiff to prove this contention and thus establish the officers' lack of authority for the arrest, he would thereby establish that he was in fact wearing a seatbelt, which finding would "necessarily imply the invalidity of his conviction." (*Heck, supra,* 512 U.S. at p. 487.)  Because plaintiff has not alleged that his conviction has been overturned, the cause of action for false arrest is barred by the rule set forth in *Heck, supra.*

2.      On page 10, delete the first paragraph in its entirety.

3.      On page 11, delete the two full paragraphs under the heading, "4.  *Ruling on plaintiff's demurrer to defendant's first amended complaint*," and insert in their place the following four paragraphs:

Plaintiff demurred to the sixth affirmative defense of defendants' first amended answer to the complaint.  Plaintiff did not appear at the August 6, 2013 hearing on his demurrer.  The minute order of that date indicates that the court overruled the demurrer, but does not state the basis for the ruling.

Defendants' the sixth affirmative defense states:  "Defendants' conduct was privileged and based upon probable cause.  Defendants are informed and believe[] and on that basis state, under a totality of circumstances there was reasonable cause to stop Plaintiff and to issue a citation based upon the fact that Plaintiff was not wearing a seat belt, did not have a front license plate (VC 5200) and violated VC 26708.  [¶] Defendants are further informed and believe Plaintiff would not promptly show valid identification and delayed/initially refused to sign a notice to appear."

In his demurrer to the foregoing affirmative defense, plaintiff contended that "Defendants did not state facts sufficient to constitute a defense for probable cause to arrest in that defendants did not allege the existence of the corpus delicti by making a factual showing that harm, loss, or injury occurred to someone through a criminal agency."

For a police officer lawfully to arrest an individual,[2] the officer must have probable cause.  (*People v. Hughes* (2002) 27 Cal.4th 287, 327–328.)  "Probable cause to arrest exists when the facts and circumstances known to the arresting officer ""warrant a

provided the officers with the legal authority to arrest plaintiff under the circumstances of this case.

[2]     Here, plaintiff signed a notice to appear and, as a consequence, was not subject to a custodial arrest.  However, because plaintiff alleges that he was falsely arrested, we will accept his terminology for purposes of this discussion.

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[person] of reasonable caution in the belief that' an offense has been or is being committed [by the person to be arrested].'" (*Dunaway v. New York* (1979) 442 U.S. 200, 208, fn. 9, quoting *Carroll v. United States* (1925) 267 U.S. 132, 162.)" (*People v. Souza* (1994) 9 Cal.4th 224, 230.) Defendants' affirmative defense asserted that, under the totality of the circumstances, the officers had reasonable grounds to believe that plaintiff had violated three sections of the Vehicle Code, including section 27315, subdivision (d)(1), which requires the driver of a car to be "properly restrained by a safety belt." Thus, defendants stated facts sufficient to constitute a defense to the claim of false arrest, that is, that they had probable cause to arrest plaintiff.

There is no change in the judgment. Petition for rehearing is denied.

_____

   MOSK, Acting P.J.            KRIEGLER, J.          GOODMAN, J.*

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SEAN WOFFORD,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>BENJAMIN THOMPSON et al.,<br><br>        Defendants and Respondents. | B253216<br><br>(Los Angeles County<br>Super. Ct. No. BC481892) |

        APPEAL from a judgment of the Superior Court of Los Angeles County. Mary H. Strobel, Judge.  Affirmed.

        Sean Wofford, in pro. per., for Plaintiff and Appellant.

        Michael N. Feuer, City Attorney, Amy Jo Field, Assistant City Attorney and Blithe S. Bock, Deputy City Attorney, for Defendants and Respondents.

Plaintiff Sean Wofford appeals the trial court's judgment of dismissal following the successful demurrer of the City of Los Angeles and others to plaintiff's cause of action for false arrest. The trial court found that, pursuant to the reasoning of *Heck v. Humphrey* (1994) 512 U.S. 477 (*Heck*), plaintiff was barred from bringing the action since he was convicted of the Vehicle Code violations leading to his arrest, which convictions have not been overturned on appeal, expunged, or otherwise invalidated. Plaintiff also challenges the trial court's rulings on plaintiff's motion to strike portions of defendants' demurrer, defendants' request for judicial notice, and plaintiff's demurrer to defendants' first amended answer.

We conclude that the trial court properly applied *Heck* to rule that plaintiff's false arrest cause of action was barred due to the absence of an allegation that his traffic convictions had been invalidated, and that the additional rulings of the court were proper. We therefore affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Los Angeles Police Officers Thompson and Velasco conducted a traffic stop of plaintiff's vehicle on March 12, 2011, for his failure to wear a seatbelt. Plaintiff objected to the stop; he was pulled from the vehicle, handcuffed and searched. Officer Thompson stated, "We were going to cite you, but now that you've given us a hard time you're going to spend the weekend in jail." The officers issued a notice to appear for a violation of Vehicle Code sections 27315, subdivision (d)(1),[1] 5200, subdivision (a),[2] and 26708,

---

[1] "A person shall not operate a motor vehicle on a highway unless that person and all passengers 16 years of age or over are properly restrained by a safety belt." (Veh. Code, § 27315, subd. (d)(1).)

[2] "When two license plates are issued by the department for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear." (Veh. Code, § 5200, subd. (a).)

2

subdivision (a)(1).**3** Officer Thompson informed plaintiff that he would arrest plaintiff and take him to jail if he did not sign the notice to appear. Consequently, plaintiff signed the notice to appear. On August 23, 2011, plaintiff was convicted of the foregoing charges and ordered to pay a fine of $518.

Plaintiff filed a Government Code section 910 claim for personal injuries dated September 12, 2011; the claim was denied on September 30, 2011. On April 2, 2012, plaintiff filed a complaint against the arresting officers, the City of Los Angeles, and the Chief of Police (together, defendants), alleging causes of action for false arrest and false imprisonment;**4** violation of civil rights "as guaranteed by Civil Code section 51.1;" assault; battery; intentional infliction of emotional distress; and conspiracy.

Defendants demurred to the complaint, asserting that an individual who is convicted of a crime may not then maintain a civil rights action for false arrest or imprisonment unless the conviction has been reversed on appeal, expunged, or otherwise declared invalid. Defendants further argued that plaintiff's additional claims all flowed from his allegations of false arrest, and were therefore also barred by his criminal convictions under a theory of primary rights.

In conjunction with the demurrer, defendants filed a request for judicial notice, seeking judicial notice of the court records demonstrating plaintiff's conviction for the charges arising from his arrest. Plaintiff moved to strike the demurrer and filed 10 separate requests for judicial notice of a broad array of facts (such as "that the West Los Angeles Court does not handle criminal matters") and documents (such as a 1967 Judicial Council Report and the Minutes of a hearing before an Oregon Committee on March 6,

---

**3**     "A person shall not drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied upon the windshield or side or rear windows." (Veh. Code, § 26708, subd. (a)(1).)

**4**     "'"[F]alse arrest" and "false imprisonment" are not separate torts. False arrest is but one way of committing a false imprisonment. . . .' [Citation.]" (*Asgari v. City of Los Angeles* (1997) 15 Cal.4th 744, 752, fn. 3.)' [Citation.]" (*Levin v. United Air Lines, Inc.* (2008) 158 Cal.App.4th 1002, 1016, fn. 16.)

3

1974). The court granted judicial notice of the trial docket from plaintiff's traffic case as well as of each of his 10 requested documents.

After hearing arguments on October 17, 2012, the trial court denied plaintiff's motion to strike and sustained, without leave to amend, defendants' demurrer to the first cause of action. It ruled that pursuant to *Heck, supra,* 512 U.S. 477, plaintiff may not sue for false arrest and false imprisonment since he was convicted of violations charged as a result of the traffic stop incident, which convictions had not been reversed on appeal, expunged or otherwise invalidated. The court overruled the demurrer as to plaintiff's remaining causes of action. The matter was set for trial for September 24, 2013.

Defendants filed their first amended answer on April 26, 2013. Plaintiff demurred and moved to strike it. The motions were called for hearing on August 6, 2013; plaintiff failed to appear. The trial court overruled plaintiff's demurrer and denied his motion to strike defendants' first amended answer.

During discovery, defendants filed a motion to compel plaintiff's appearance at deposition and a motion to dismiss. On September 23, 2013, at a hearing at which plaintiff appeared, the motion to dismiss was denied, but plaintiff was ordered to appear for deposition on the following day, that is, on the original trial date of September 24, 2013. The trial was then trailed to September 26, 2013.

On September 26, 2013, the trial court called the case for trial; defense counsel was present, but plaintiff was not. Defendants moved to dismiss the case. After confirming that plaintiff had not contacted court staff regarding his absence, the court granted the motion and dismissed the case without prejudice.

Plaintiff timely filed a notice of appeal.

CONTENTIONS

Because he did not appear for trial, plaintiff cannot and does not challenge the dismissal of his causes of action based on Civil Code section 52.1, assault, battery, intentional infliction of emotional distress, and conspiracy. Rather, plaintiff claims that the trial court erred in sustaining the demurrer to his first cause of action for false arrest

4

based on the holding of *Heck*, *supra*, 512 U.S. 477. Plaintiff also maintains that the trial court erred by taking judicial notice of certain superior court records, by denying his motion to strike the demurrer, and by overruling his demurrer to the first amended answer. We consider these contentions below.

DISCUSSION

1. *Ruling on plaintiff's motion to strike portions of defendants' demurrer*

Plaintiff moved to strike portions of defendants' demurrer to the complaint. The trial court denied the motion. On appeal, plaintiff contends that the trial court erred in denying the motion to strike as to two of the four grounds stated in the motion, to wit: "That portion of page four, lines 18 through 20, reading as follows: 'Allowing such a claim would . . . reopen the issue of reasonableness of Defendant officers' arrest, which has already been determined in the criminal proceeding.' . . . That portion of page five, lines 26 through 28, reading as follows: '[T]he reasonableness of the officers' conduct has already been determined in the criminal proceeding.'" The motion stated that both of the foregoing allegations "are false and unsupported by any facts or evidence in the record."

Any party may move to strike all or any part of a pleading, including a demurrer. (Code Civ. Proc., § 435.) Upon such a motion, the court may strike out any false matter contained in any pleading. (Code Civ. Proc., § 436.) The grounds for a motion to strike are limited to matters appearing on the face of the challenged pleading or matters of which judicial notice must or may be taken. (Code Civ. Proc., § 437, subd. (a); Evid. Code, §§ 451, 452.) "Thus, a court may strike false, i.e. untrue, matters contained in a pleading whenever their falsity or untruthfulness is revealed by facts which are judicially noticed. [Citation.]" (*Garcia v. Sterling* (1985) 176 Cal.App.3d 17, 21-22.)

In support of his motion to strike, plaintiff argued that defendants had misapplied *Heck, supra,* 512 U.S. 477, to the facts of this case: "In *Heck,* the United States Supreme Court held that 'in order to recover damages . . . for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that

5

the conviction or sentence has been [invalidated].' (*Heck, supra,* 512 U.S. at pp. 486-487.) The court clarified, however, that if a 'plaintiff's action . . . will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .' (*Id.* at p. 487, fn. omitted, italics added.)" Plaintiff further argued that a Vehicle Code infraction is not a "crime," is not adjudicated in a "criminal proceeding," and does not result in a "criminal judgment." Thus, according to plaintiff, defendants' statement in their demurrer that the reasonableness of the officers' arrest of plaintiff had been determined in a prior criminal proceeding was "false and unsupported by any facts or evidence in the record."

The contention lacks merit. As the trial court stated in its tentative decision, the reasonableness of the officers' arrest and whether the issue of reasonableness had been determined in the prior proceedings "are not 'false' within the meaning of CCP § 436. These contentions are just that—contentions or arguments. They are not facts which may be proven to be false." Rather, as noted by the trial court, plaintiff's motion to strike was more in the nature of an opposition to the defendants' demurrer, and indeed, the court considered these arguments in ruling on the demurrer. We concur with the trial court's analysis of plaintiff's motion to strike defendants' demurrer, and conclude the court properly denied the motion.

2.   *Ruling on demurrer to plaintiff's cause of action for false arrest*

"Because the function of a demurrer is to test the sufficiency of a pleading as a matter of law, we apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend. (*Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1420.) We assume the truth of the allegations in the complaint, but do not assume the truth of contentions, deductions, or conclusions of law. (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) It is error for the trial court to sustain a demurrer if the plaintiff has stated a cause of action under any possible legal theory, and it is an abuse of discretion for the court to sustain a demurrer without leave to amend if the plaintiff has shown there is a reasonable possibility a defect can be cured by

6

amendment. (*Ibid.*)" (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.)

"'A cause of action for false imprisonment based on unlawful arrest is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendants to prove justification for the arrest. [Citations.]' [Citation.] A police officer who makes an arrest without a warrant and without justification may be held civilly liable for false arrest and imprisonment. [Citations.]" (*Collins v. Los Angeles County* (1966) 241 Cal.App.2d 451, 456-457.) Probable cause to arrest is a complete defense to a civil action for false arrest. (*White v. Martin* (1963) 215 Cal.App.2d 641, 643.)

In their demurrer, defendants relied on *Heck*, *supra*, 512 U.S. 477, to argue that a claim for false arrest cannot be maintained when the arrest resulted in a conviction which has not been reversed, expunged or otherwise declared invalid. The trial court agreed, and sustained defendants' demurrer to plaintiff's first cause of action.

In *Heck*, *supra*, 512 U.S. 477, an inmate brought an action under 42 United States Code section 1983 (§ 1983) against county prosecutors and a state police investigator, alleging that his conviction violated his civil rights. The court compared § 1983 claims to the common law tort of malicious prosecution, the first element of which is favorable termination of the prior proceeding, and determined that both were implicated by the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. . . . (*Id.* at p. 486.) In recognition of this principle, the court ruled that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

7

or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." (*Id.* at pp. 486-487, fn. omitted.)

Plaintiff argued in the court below, and contends here, that *Heck* does not apply to the facts of this case. His argument is as follows: *Heck* applies only to criminal convictions; traffic infractions are not crimes or public offenses; therefore his convictions for the traffic infractions are not criminal convictions. Plaintiff posits the following in support of his assertion that traffic infractions are not crimes:[5] "The California Constitution guarantees trial by jury to all criminal defendants and an infractor does not have access to trial by jury;" plaintiff did not have access to a jury trial, yet "Penal Code section 683 confines conviction of a public offense to trial by jury or waiver thereof;" in 1967, "the Judicial Council of California sponsored legislation making minor traffic violations 'noncriminal infractions' and boasts it to be a 'milestone' and a 'historical highlight' in its ensuing annual reports;" and the West Los Angeles Courthouse in which plaintiff's trial was held does not handle criminal matters. The argument lacks merit.

Penal Code section 16 defines crimes and public offenses as felonies, misdemeanors and infractions. In other words, felonies, misdemeanors and infractions are crimes and public offenses. "An infraction is a criminal matter subject generally to the provisions applicable to misdemeanors, except for the right to a jury trial, the possibility of confinement as a punishment, and the right to court-appointed counsel if indigent. (Pen. Code, §§ 16, 19.6.)" (*People v. Simpson* (2014) 223 Cal.App.4th Supp. 6, 9.) While plaintiff argues at length as to why an infraction should not be considered a crime, he cites no legal authority which supports his position.

---

[5] Plaintiff makes addition assertions which are repetitive of the listed matters or irrelevant on their face (such as his reliance on the "hearing minutes of the State of Oregon's Committee on Judiciary, Decisional and Public Statutory Law").

Moreover, we concur in the trial court's conclusion that "*Heck* applies to any type of conviction." As the court below noted, "the Court in *Heck* based its ruling on the fact that the Court 'has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack.' (*Heck, supra,* 512 U.S. at pp. 484-485.) Thus, the rationale for this holding was to avoid parallel litigation over the issues of probable cause and guilt, to avoid conflicting resolutions arising out of the same or identical transaction, and to deny opportunities for collaterally attacking convictions through civil suits. (*Id.* at pp. 484-485.) Again, nothing in this rationale or in the *Heck* Court's opinion would tend to indicate that the rule should not apply to bar a collateral attack of a traffic infraction."

The sole issue remaining is whether plaintiff's claims "necessarily imply the invalidity of his conviction or sentence." (*Heck, supra,* 512 U.S. at p. 487.)

California law makes it illegal to drive a car unless "properly restrained by a safety belt." (Veh. Code, § 27315, subd. (d)(1).) "A peace officer may arrest a person . . . without a warrant . . . whenever . . . [¶] the officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence." (Pen. Code, § 836, subd. (a)(1).) "Public offenses" include felonies, misdemeanors and infractions. (Pen. Code, § 16; see also *People v. Hamilton* (1986) 191 Cal.App.3d Supp. 13, 18.)

As the trial court found, "Here, Plaintiff was stopped because he was not wearing a seatbelt and was issued a Notice to Appear for an alleged violation of Vehicle Code § 27315(d)(1) [requiring seatbelts to be worn] and other code sections. Plaintiff was in fact found guilty of this offense. For the Plaintiff to prove that he was falsely arrested and imprisoned, Plaintiff would have to show that he was arrested without authority. In this case, that would mean proving that the officer did not see him driving without his seatbelt on. This cause of action would therefore necessarily require the Plaintiff to prove the unlawfulness of his conviction for driving without a seatbelt on. Because the Plaintiff has not shown that his conviction has been overturned, this cause of action is barred by the rule set forth in *Heck.*"

We agree with the trial court's reasoning, and hold that, pursuant to *Heck, supra,* 512 U.S. 477, the allegations of plaintiff's first cause of action do not state a claim for false arrest or false imprisonment.

3.  *Judicial notice of superior court records*

Plaintiff maintains that the trial court erred when it took judicial notice of all three pages of Exhibit A to defendants' request for judicial notice, since only the first page contained a certification that the document was a true and correct copy of the original. Plaintiff argues, "These documents are clearly separate and require independent certification.  The trial court's erroneous admission of the matter attached as Exhibit A . . . prejudiced [plaintiff] because the matter formed the basis of the court's decision to sustain the demurrer to the first . . . cause of action."

The first page of Exhibit A is the August 23, 2011 minute order in plaintiff's traffic court case (case No. B428776) which indicates that plaintiff was adjudged guilty of violating Vehicle Code sections 27315, subdivision (d)(1); 5200, subdivision (a) and 26708, subdivision (a)(1).  The second page of Exhibit A is a "Court Compliance Slip" which states:  "YOU ARE ORDERED TO SATISFY THE FOLLOWING," and includes instructions for paying the $518 fine imposed by the court to the clerk's office of the West Los Angeles Courthouse by September 14, 2011.  Page three of Exhibit A is a correspondence sheet which discusses a possible appeal of plaintiff's convictions.

Judicial notice "may be taken of," among other things, the "[r]ecords of . . . any court of this state."  (Evid. Code, § 452, subd. (d)(1).)  As plaintiff acknowledges, page one of Exhibit A is a certified copy of a record of the superior court.  It is therefore properly subject to judicial notice.  (Evid. Code, § 452, subd. (d)(1).)[6]  That document reflects plaintiff's conviction for violating three sections of the Vehicle Code, and upon which the trial court relied in its ruling on defendants' demurrer to the false arrest claim. The additional pages of Exhibit A had no bearing on the court's ruling, since the fact of

---

[6]    Accordingly, we take judicial notice of this document pursuant to Evidence Code sections 452, 459.

10

plaintiff's convictions was evident from the minute order. Consequently, plaintiff has failed to establish prejudicial error in the court's ruling on defendants' request for judicial notice.

4. *Ruling on plaintiff's demurrer to defendants' first amended answer*

Plaintiff challenges the trial court's order overruling his demurrer to defendants' first amended answer. However, the record on appeal does not contain a copy of this pleading. We therefore cannot assess the merits of plaintiff's demurrer.

"It is the burden of appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review and results in affirmance of the trial court's determination. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)" (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

5. *Motion for sanctions*

Finally, we address plaintiff's motion for sanctions against defendants based on four separate grounds: defendants (1) "failed to address almost every material issue and a multitude of controlling published authority in Mr. Wofford's Opening Brief;" (2) "failed to serve their Brief on the California Solicitor General as required by Civil Code section 51.1 and comply with the format provisions of rule 8.29 (a) and (b) of the California Rules of Court;" (3) filed a frivolous motion to dismiss the appeal; and (4) "unreasonably violated the policies governing extensions of time under rule 8.63(a) of the California Rules of Court because their Brief and their Motion to Dismiss were not accurate and complete submissions that assist the court."

Rule 8.276 of the California Rules of Court provides in part: "(a) On motion of a party or its own motion, a Court of Appeal may impose sanctions, including the award or denial of costs under rule 8.278, on a party or an attorney for: [¶] (1) Taking a frivolous appeal or appealing solely to cause delay; [¶] (2) Including in the record any matter not reasonably material to the appeal's determination; [¶] (3) Filing a frivolous motion; or [¶]

11

(4) Committing any other unreasonable violation of these rules." (Cal. Rules of Court, rule 8.276(a).)

As to plaintiff's first stated ground for sanctions, there is no requirement that a respondent address all issues raised in an opening brief; indeed, a respondent may elect to not file a brief on appeal. With regard to the second ground, because plaintiff did not appear for trial and thus abandoned his Civil Code section 51.1 claim, that claim is not before us on this appeal. Consequently, defendants were not required to serve their respondents' brief on the Solicitor General. And we do not agree that defendants unreasonably violated the policies governing extensions of time under rule 8.63(a) of the California Rules of Court.

A more substantial ground for plaintiff's sanctions motion is the assertion that defendants filed a frivolous motion to dismiss the appeal. In that motion, defendants argued that plaintiff had appealed from an unsigned minute order, which is neither an appealable order nor a judgment. This was factually incorrect, as the trial court had signed the minute order dismissing the action. As defendants subsequently acknowledged, the signed order of dismissal constituted an appealable judgment. (Code Civ. Proc., §§ 581d, 904.1.) The motion to dismiss was also based on the fact that plaintiff's opening brief on appeal did not address the dismissal order. Defendants claimed that plaintiff had therefore waived his right to challenge the trial court's order dismissing the action. As we explain above, by failing to challenge the dismissal order, plaintiff waived all of his causes of action which had survived demurrer. He did not, however, waive his right to challenge his false arrest cause of action, which was dismissed as a result of defendants' successful demurrer.

While the foregoing establishes that defendants' motion to dismiss was factually and legally infirm, plaintiff has failed to establish that the motion was made in bad faith for the purpose of harassment or delay. We note as well that plaintiff's actions in

12

prosecuting this lawsuit have not been above reproach:  plaintiff failed to appear for trial without notice to defendants, thereby delaying the conclusion of this litigation for many months.  Under these circumstances, we deny plaintiff's request for sanctions.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13