Filed 5/30/19

**TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | No. BR 054104 |
| Plaintiff and Appellant, | ) | Lancaster Trial Court |
| v. | ) | No. AB074103 |
| SHERRI SMALLING, | ) | |
| Defendant and Respondent. | ) | **OPINION** |

APPEAL from an order of the Superior Court of Los Angeles County, Lancaster Trial Court, Andrew K. Kim, Judge Pro Tempore. Reversed.

Jackie Lacey, District Attorney of Los Angeles County, and Phyllis Asayama and Cassandra Thorp, Deputy District Attorneys, for Plaintiff and Appellant.

Maven Law Firm and Yan Goldshteyn for Defendant and Respondent.

\*       \*       \*

1

Defendant and respondent Sherri Smalling was cited for permitting a dog controlled or owned by her to cause injury or death to a service dog in violation of Penal Code, section 600.2, subdivision (a).[1] The offense is an infraction.

On the day of her arraignment, defendant appeared without counsel and entered a plea of no contest. She was fined $157. The trial court denied the service dog owner's request for victim restitution, stating: "[T]his is an infraction, you're not going to have a restitution hearing, you can sue civilly . . . if this was filed as [a] misdemeanor or felony, there is going to be [a] restitution hearing, but since this is [an] infraction, you're not going to be able to obtain a restitution hearing."[2] (*Sic*.)

The People contend the trial court erred in so ruling and that the victim is entitled to a restitution hearing. There is merit to the People's position. The victim of an infraction, like the victim of a felony or misdemeanor, is entitled to restitution for the loss suffered as a consequence of the criminal act. The order denying restitution is reversed, and the matter is remanded for the trial court to conduct a hearing to determine the amount of compensation, if any, due to the victim.[3]

## DISCUSSION

*Appealability*

Defendant claims the People have no right to appeal the trial court's order denying victim restitution. We disagree. The People's right to appeal is defined by statute. (*People v. Chacon* (2007) 40 Cal.4th 558, 564.) In felony cases, "[t]he circumstances allowing a People's appeal are enumerated in section 1238." (*Ibid*.) Infraction and misdemeanor cases are governed by similar provisions set forth in section 1466. Both statutes allow the People to

---

[1]All further statutory references are to the Penal Code.

[2]It is not clear from the record whether the victim's request was made before or after the entry of the plea. Because restitution is premised on a defendant's conviction, we presume the victim's request for restitution followed the trial court's acceptance of the plea and defendant's conviction thereon.

[3]The facts underlying the charge were not developed in the trial court. It appears to be undisputed that on May 3, 2017, a service dog owned by the victim was injured or killed by one or more pit bulls owned or controlled by defendant.

2

appeal (1) the imposition of an unlawful sentence (§§ 1238, subd. (a)(10), 1466, subd. (a)(7)); and (2) a postjudgment order affecting their substantial rights (§§ 1238, subd. (a)(5), 1466, subd. (a)(6)). As explained below, restitution orders are appealable by the People as both unlawful sentences and as orders affecting their substantial rights.

*Unlawful Sentence*

The People may appeal from "[t]he imposition of an unlawful sentence" or, in other words, "a sentence not authorized by law . . . ." (§ 1477, subd. (a)(7).) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

"[V]ictim restitution is mandatory and a sentence without such an award is invalid." (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751; see also *People v. Bernal* (2002) 101 Cal.App.4th 155, 165.) "'[W]hen the trial court pronounces a sentence which is unauthorized . . . that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court.' This rule also applies to sentences which are *unauthorized because of an error in the matter of restitution*. [Citation.]" (*People v. Rivera* (1989) 212 Cal.App.3d 1153, 1163-1164, italics added; accord, *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205; see generally *People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.) To the extent defendant's sentence did not include mandatory victim restitution, it is unauthorized/unlawful and therefore appealable.

*Postjudgment Order*

Section 1466, subdivision (a)(6), permits an appeal by the People from "[a]n order made after judgment, affecting [their] substantial rights . . . ." "An 'order after judgment' . . . is an order which is rendered after the imposition of sentence. [Citations.]" (*People v. Ibanez* (1999) 76 Cal.App.4th 537, 543.)

"[I]n order to affect the People's substantial rights an order 'must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made. [Citations.]' [Citation.]" (*People v. McGuire* (1993) 14 Cal.App.4th 687,

3

701, fn. omitted.)  It is not enough for the order merely to relate to a collateral matter. (*People v. Leonard* (2002) 97 Cal.App.4th 1297, 1300.)

"Restitution orders have as their goal economic compensation for the victim or victims of a defendant's crime, rehabilitation of the defendant, and the deterrence of the defendant and others from committing future offenses.  [Citation.]" (*People v. Dehle* (2008) 166 Cal.App.4th 1380, 1386.)  In other words, there are two primary objectives of restitution—victim reparation and rehabilitation/deterrence.  The People have a significant interest in both "ensuring the constitutional right to victim restitution is properly enforced [citation]" (*People v. Petronella* (2013) 218 Cal.App.4th 945, 968; see also *People v. Hamilton* (2003) 114 Cal.App.4th 932, 938) and protecting public safety (cf. *People v. VonWahlde* (2016) 3 Cal.App.5th 1187, 1195).  Accordingly, "[t]he People may seek review of a restitution order as a postjudgment order affecting substantial rights of the People.  [Citation.]" (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1381, fn. 3.)[4]

### Restitution

"'The standard of review of a restitution order is abuse of discretion.  "A victim's restitution right is to be broadly and liberally construed."  [Citation.] . . . .'  [Citation.] However, a restitution order 'resting upon a "'demonstrable error of law'"' constitutes an abuse of the court's discretion.  [Citation.]'  [Citation.]"[5] (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)  "If the trial court misunderstands or misapplies the applicable legal standard, it has not properly exercised its discretion.  [Citations.]" (*Id*. at p. 31.)  Indeed, "[a]s a practical matter, an appellate court's consideration of a claim that a trial court abused its discretion in awarding

---

[4]It appears the restitution order was entered at a single hearing that addressed both sentencing and restitution.  Even so, the order remains appealable as a postjudgment order.  In both *People v. Petronella*, *supra*, 218 Cal.App.4th at pages 965, 967-968, and *People v. Akins*, *supra*, 128 Cal.App.4th at page 1381 and footnote 3, the Court of Appeal applied section 1238, subdivision (a)(5), i.e., the felony equivalent of section 1466, subdivision (a)(6), to render a restitution order made at a combined sentencing/restitution hearing appealable as a postjudgment order.  We are obligated to follow those cases. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

[5]In her respondent's brief, defendant requests the People's appeal be dismissed for failure to state the appropriate standard of review.  (See *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465 ["Failure to acknowledge the proper scope of review is a concession of a lack of merit"].)  We exercise our discretion to consider the People's contention on the merits.  (Cf. Cal. Rules of Court, rule 8.928(d).)

4

[or denying] restitution because the lower court applied an incorrect legal standard is tantamount to independent or de novo review." (*People v. Brunette* (2011) 194 Cal.App.4th 268, 276.)

We acknowledge defendant's concession that the trial court incorrectly stated the victim of an infraction is not entitled to restitution, and hold that the owner of the service dog is entitled to restitution based on two independent sources—the California Constitution and section 600.2. This determination requires no more than a review of the unambiguous plain meaning of the language contained in the Constitution and associated statutory provisions. (See *People v. Colbert* (2019) 6 Cal.5th 596, 603 ["'"'if statutory language is not ambiguous, then . . . the plain meaning of the language governs"'"'].)

*The California Constitution*

The California Constitution unambiguously states "[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B); see also *People v. Carbajal* (1995) 10 Cal.4th 1114, 1122.) The constitutional mandate is implemented by section 1202.4, which provides in relevant part: "It is the intent of the Legislature that a victim of *crime* who incurs an economic loss as a result of the commission of a *crime* shall receive restitution directly from a defendant convicted of that *crime*." (§ 1202.4, subd. (a)(1), italics added; see *People v. Mearns* (2002) 97 Cal.App.4th 493, 498.) The Legislature has expressly categorized infractions as crimes (§ 17, subd. (a) [recognizing crimes are felonies, misdemeanors, or infractions]; § 16, subd. (3) ["Crimes and public offenses include: [¶] [¶] [¶] 3. Infractions"]), and the "infraction case" as a "criminal action" (§ 691, subd. (g)). In lockstep with the Legislature, California courts have routinely classified an infraction as a crime. (See, e.g., *Tracy v. Municipal Court for Glendale Judicial District* (1978) 22 Cal.3d 760, 765 [in 1968, infractions were added to the statutory definition of crimes]; *People v. Cortez* (2010) 189 Cal.App.4th 1436, 1442 ["all three categories of offenses[, i.e., felonies, misdemeanors, and infractions,] are considered "'crime[s] or public offenses[s]'""]; *People v. Simpson* (2014) 223 Cal.App.4th Supp. 6, 9 ["An infraction is a criminal matter subject generally to the provisions

applicable to misdemeanors, except for the right to a jury trial, the possibility of confinement as a punishment, and the right to court-appointed counsel if indigent"].)

Because an infraction is a crime, and a crime victim is constitutionally entitled to restitution in "every case," a restitution hearing was mandatory. An order of anything less than "full" restitution to the victim required the trial court to identify "compelling and extraordinary" reasons and to state those reasons on the record. (§ 1202.4, subds. (b) & (f).)

The trial court's abuse of discretion manifests itself in two distinct ways. First, and most fundamentally, the trial court erroneously concluded a crime victim is not entitled to restitution if the offense committed is an infraction. This misunderstanding led to the second mistake, i.e., the denial of victim restitution without providing compelling and extraordinary reasons for doing so. In order to meet the constitutional directive for victim restitution, the trial court is required to follow the guidelines provided by section 1202.4 in determining whether the victim is entitled to restitution even if the offense committed is an infraction.

*Section 600.2*

Section 600.2, subdivision (b), provides that "[a] violation of this section is an infraction punishable by a fine not to exceed two hundred fifty dollars ($250) if the injury or death to any . . . service dog is caused by the person's failure to exercise ordinary care in the control of his or her dog." The offense is a misdemeanor "if the injury or death to any . . . service dog is caused by the person's reckless disregard in the exercise of control over his or her dog, under circumstances that constitute such a departure from the conduct of a reasonable person as to be incompatible with a proper regard for the safety and life of any . . . service dog." (§ 600.2, subd. (c).) But, regardless of the category of offense under which the criminal act falls, the Legislature has specified that "[i]n *any* case in which a defendant is convicted of a violation of this section, the defendant *shall* be ordered to make restitution to the person with a disability who has custody or ownership of the guide, signal, or service dog for any veterinary bills and replacement costs of the dog if it is disabled or killed, or other reasonable costs deemed appropriate by the court. . . ." (§ 600.2, subd. (d), italics added.) Thus, irrespective of whether

6

the defendant is convicted of an infraction or a misdemeanor, subdivision (d) mandates the defendant be ordered to reimburse the service dog's owner for economic loss.[6]

*Defendant's Arguments*

Defendant proposes a series of reasons why remand is unnecessary.[7] None of them are persuasive. Because the trial court erred as a matter of law in its determination that victim restitution is categorically prohibited in infraction cases, we address defendant's contentions with brevity.

Citing her constitutional right to due process, defendant maintains an order for the payment of restitution would have been improper because she was never advised victim restitution would be a consequence of her plea. The sole reference to advisements in the record is in the arraignment/plea minute order—it indicates, in pertinent part, defendant was advised of the maximum and minimum sentence as well as "other consequences" of pleading guilty or no contest. Because the trial court was under the mistaken impression that restitution is not available to victims of infractions, it stands to reason that the "other consequences" did not include the payment of victim restitution. From a constitutional perspective, the lack of such an advisement is of no moment. "[T]he rule requiring that a trial court advise a pleading defendant of the consequence of his plea is a judicially declared rule of criminal procedure and *not a constitutional rule . . . .* [Citation.]" (*People v. Gurule* (2002) 28 Cal.4th 557, 634, fn. 23, italics added.)[8] Defendant's constitutional claim lacks merit.

---

[6]"The California Supreme Court has stated the general rule regarding the interpretation of the word 'shall': '[T]he word "shall" in a statute is ordinarily deemed mandatory, and "may" permissive. [Citation.]' [Citation.]" (*Diamond v. Superior Court* (2013) 217 Cal.App.4th 1172, 1190.)

[7]Not only does defendant seek to uphold the trial court's ruling on its merits, she also argues the People forfeited the right to challenge the court's order denying the victim's request for restitution because the People failed to object to the order in the trial court. We reject the proposed procedural bar. When a sentence is invalid due to the absence of victim restitution, it may be corrected at any time regardless of whether the party raising the issue objected when the trial court issued its order. (*People v. Moreno* (2003) 108 Cal.App.4th 1, 9-10.)

[8]A defendant might be entitled to some form of relief if he or she could demonstrate prejudice flowed from the lack of a required advisement. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 196; *People v. McClellan* (1993) 6 Cal.4th 367, 378; *People v. Rowland*, *supra*, 51 Cal.App.4th at pp. 1752-1754.) It is premature to address (and defendant does not brief) this particular form of

7

Focusing on the amount of restitution ordered, i.e., zero, defendant claims the trial court "in good faith was unable to find that the restitution award was necessary in this particular case." It appears defendant's argument is that the trial court reasonably exercised its discretion in determining no restitution was warranted. This misstates what the trial court did. When it denied the victim's request for restitution, the trial court incorrectly assumed victim restitution is not available if a defendant is convicted of an infraction. The trial court did not base its decision on an analysis of the evidence or, put another way, a valid exercise of discretion. Rather, the trial court simply misstated the law and, as a consequence, summarily denied the request for restitution.

Defendant devotes some time to the prospect that an order for the payment of victim restitution would violate the terms of her plea agreement. Her claim is based on a premise that is not supported by the record. The record of the proceedings consists of a minute order and a proposed statement on appeal (certified by the trial court pursuant to California Rules of Court, rule 8.916(f)). Neither the certified statement nor the minute order pertaining to the date of the plea makes reference to a plea agreement.[9] Defendant had an opportunity to file amendments to the proposed statement and to request a hearing to correct the proposed statement. (Cal. Rules of Court, rule 8.916(d)(1) & (2).) Defendant did not do so. There is no indication in the record that she entered her no contest plea pursuant to a plea agreement.[10]

---

prejudice as the trial court has yet to consider the victim's potential loss and order commensurate restitution.

[9]The minute order does not reflect an appearance by a prosecutor, much less a plea agreement.

[10]Defendant's fallback position is that, because the victim may file a civil lawsuit, the trial court's erroneous denial of victim restitution is harmless. She cites no authority for this proposition. "[T]he primary purpose of a victim restitution hearing is to allow the People to prosecute an expedited hearing before a trial court to provide a victim with a civil remedy for economic losses suffered . . . . " (*People v. Millard*, *supra*, 175 Cal.App.4th at p. 35.) This objective is not satisfied by substituting a victim's statutory and constitutional right to a restitution hearing with a civil lawsuit and its attendant costs, discovery, and delays. (See *People v. Bufford* (2007) 146 Cal.App.4th 966, 971 [although a crime victim may file a civil lawsuit against a defendant, that recourse is not an appropriate substitute for the victim's constitutional right to restitution]; accord, *Q-Soft, Inc. v. Superior Court* (2007) 157 Cal.App.4th 441, 447.)

**DISPOSITION**

The order denying victim restitution is reversed. The matter is remanded to the trial court with directions to conduct a restitution hearing or other proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

_____
Kumar, J.

We concur:

_____        _____
P. McKay, P. J.                         Ricciardulli, J.